NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF TONY GRIER, BY ADMINISTRATOR EMMA GRIER, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 07-2475 (DMC) |
| UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM, HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA, JEFFREY SAGER, MD, ROBERT KOTLOFF, MD, ALBERTO POCHETTINIO, MD AND JOHN AND JANE DOES 1-50, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants University of Pennsylvania Health System, Hospital of the University of Pennsylvania, Jeffrey Sager, MD, Robert Kotloff, MD and Alberto Pochettinio ("Defendants") to dismiss for lack of personal jurisdiction pursuant to FED. R. CIV. P.12 (b)(2) and improper venue pursuant to FED. R. CIV. P. 12 (b)(3). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that venue is transferred *sua sponte* from the Federal District Court for the District of New Jersey ("District of New Jersey") to the Federal District Court for the Eastern District of Pennsylvania ("E.D.P.A.").

I.     BACKGROUND

    A.     **Factual Background**

Plaintiff Emma Grier is the Administrator of her son Tony Grier ("Decedent")'s Estate. In 1986, Decedent was diagnosed with Pulmonary Sarcoidosis, an inflammation of the lung tissues, which can cause loss of lung volume and lung stiffness. (Compl. ¶¶ 3, 4.) In 2002, Decedent's Pulmonary Sarcoidosis advanced and he was placed on a waiting list to receive a lung transplant. (Compl. ¶ 5.) In 2004, Decedent was placed under the medical care of Defendant Dr. Robert Kotloff, a physician at The Hospital of the University of Pennsylvania (the "Hospital"). (Compl. ¶ 6.) On January 7, 2005, Defendant Dr. Alberto Pochettinio performed a lung transplant on Decendent at the Hospital. (Compl. ¶¶ 11, 12.) Pochettinio was also responsible for Decedent's pre- and post-transplant examinations and the donor's lungs. (Compl. ¶ 13.) After the transplant, Kotloff and Dr. Jeffrey Sager performed post-transplant examinations. (Compl. ¶ 16.) On February 4, 2005, Decedent was released from the Hospital and began attending physical therapy sessions. (Compl. ¶¶ 15, 27.) On May 28, 2005, Sager informed Plaintiff that Decedent had cancer in his newly transplanted lungs. (Compl. ¶ 29.) Decedent remained at the Hospital where he was treated for cancer until his death on July 16, 2005. (Compl. ¶¶ 35, 36.)

Plaintiff brought suit against Defendants, alleging claims of wrongful death, survival action, medical malpractice and negligence. Defendants have filed this motion to dismiss pursuant to FED. R. CIV. P. 12(b)(2) for lack of personal jurisdiction and FED. R. CIV. P. 12(b)(3) for improper venue.

### B. Defendants

The University of Pennsylvania Health System and Hospital are located at 3400 Spruce Street, Philadelphia, Pennsylvania. (Compl. ¶ 12.) Sager, Kotloff and Pochettinio are all physicians employed by the Hospital. (Compl. ¶ 6, 12, 16.) In addition, the three physicians are all citizens and residents of Pennsylvania.

## II. DISCUSSION

### A. Standard of Review

"It is well-established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003) (citing Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002)). When a defendant raises a jurisdictional defense, as Defendants have in this case,

> the burden falls on the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper. Carteret Sav. Bank v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state.

Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434 (3d Cir. 1987)). In this case, Plaintiff must establish that sufficient contacts exist between Defendants and New Jersey in order to defeat Defendants' challenge to this Court's jurisdiction.

### B. Personal Jurisdiction

New Jersey permits long-arm jurisdiction to the extent that it comports with the Due Process Clause of the United States Constitution. See N.J. CIV. PRAC. R. 4:4-4. Thus, federal

3

courts applying New Jersey's long-arm jurisdiction may assert personal jurisdiction over non-resident defendants to the extent permitted by due process principles. See IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 258-59 (3d Cir. 1998). The exercise of this Court's jurisdiction comports with constitutional due process if Defendants have "purposefully directed [their] activities toward residents of the forum state, or otherwise 'purposefully availed [themselves] of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" Id. at 259 (internal citations omitted); see also World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); Hanson v. Denckla, 357 U.S. 235, 253 (1958). Furthermore, personal jurisdiction may be exercised under either a general or specific jurisdiction theory. See Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001). In this case, Plaintiff asserts that jurisdiction is proper under both theories.

    **C.**    **General Jurisdiction**

General jurisdiction exists over Defendants if this Court finds that their contacts with the forum are "continuous and systematic." Helicopteros Nacionales de Columbia, S.A. v. Hall et al., 466 U.S. 408, 416 (1984). Once the defense of lack of jurisdiction has been raised, the plaintiff has the burden to provide facts establishing the validity of jurisdiction in the selected venue. See Time Share Vacation Club v. Atl. Resorts Ltd., 735 F.2d 61, 66 (3d Cir. 1984). Here, Plaintiff argues that exercising this Court's jurisdiction over Defendants is proper because Defendants continuously solicited transplant recipients from New Jersey. (Pl. Opp'n Br. at 5.) Plaintiff, however, failed to provide any evidence through an affidavit, certification or other supporting document to substantiate this claim. Thus, Plaintiff failed to satisfy the burden of establishing

that this Court has general jurisdiction over Defendants.

### D. Specific Jurisdiction

To meet the burden of showing that specific jurisdiction exists over Defendants, Plaintiff must satisfy two requirements. See IMO Indus., Inc., 155 F.3d 254, 259 (3d Cir. 1998). First, Plaintiff must establish that Defendants have "constitutionally sufficient minimum contacts with [New Jersey]." Toys "R" Us, 318 F.3d at 451 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)). Alternatively, the first requirement may be satisfied if Defendants' "tortious conduct" has "effects in the forum state." Id. at 455 n.6 (citing Remick, 238 F.3d at 258). Second, to satisfy due process requirements, personal jurisdiction over Defendants must comport "with traditional notions of fair play and substantial justice," for example, Defendants "should reasonably anticipate being haled into court in the forum." Id. (internal quotation marks and citations omitted).

Plaintiff argues that Defendants have engaged and continue to engage in a continuous course of conduct with New Jersey and expects, or reasonably should expect, their acts to have legal consequences in New Jersey. (Pl. Opp'n Br. at 6.) In addition, Plaintiff alleges that Defendants actively participate in the recruitment of their patients in New Jersey. (Pl. Opp'n Br. at 2.) Defendants emphasize their lack of physical presence in New Jersey and state that all relevant medical care occurred in Pennsylvania. (Defs. Reply Br. at 2.) Moreover, Plaintiff has no evidence that Defendants have a medical practice in New Jersey.

Plaintiff failed to establish that Defendants have sufficient minimum contacts with New Jersey. In addition, Plaintiff failed to establish that Defendants had any contact with New Jersey

5

to satisfy "tortious conduct" or effects. Furthermore, personal jurisdiction must comport with "traditional notions of fair play and substantial justice," yet Plaintiff also failed to demonstrate that Defendants should have reasonably expected to be hauled into court in New Jersey. Thus, Plaintiff failed to provide the requisite showing that jurisdiction is proper.

### E. Venue

Venue is proper when the requirements set forth in 28 U.S.C. §1391 are satisfied. When jurisdiction is based upon diversity of the parties, venue is only appropriate in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C.§1391(a). Contrary to Plaintiff's arguments, none of these situations are present here.

First, Plaintiff's choice of forum is improper and fails to satisfy the requirements of 28 U.S.C. §1391(a)(1) in light of the undisputed fact that none of the Defendants reside within the District of New Jersey. Thus, pursuant to 28 U.S.C. §1391(a)(1), the requirements for proper venue are not satisfied.

Second, pursuant to 28 U.S.C. §1391(a)(2), a substantial part of the events or omissions giving rise to the claims must have occurred in the judicial district. See 28 U.S.C. §1391(a)(2). The District of New Jersey is an inappropriate venue because all of the alleged events or omissions giving rise to Plaintiff's claims occurred at the Hospital in Pennsylvania. (Compl. ¶ 2.) Thus, pursuant to 28 U.S.C. §1391(a), Plaintiff fails to meet the requirements for proper venue because the events or omissions that gave rise to the claims did not occur in the New Jersey, but rather occurred in Pennsylvania.

Finally, pursuant to 28 U.S.C. §1391(a)(3), venue is proper in a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. See 28 U.S.C.§1391(a)(2). As set forth above, New Jersey does not have personal jurisdiction over Defendants. Thus, 28 U.S.C. §1391(a)(3) is inapplicable in this case.

Plaintiff failed to satisfy the burden of providing evidence by which a court can conclude that personal jurisdiction exists in the District of New Jersey as to any of the Defendants. Further, venue is improper because none of the Defendants reside in the District of New Jersey, nor did the events or omissions giving rise to Plaintiff's claim occur within the District of New Jersey. Thus, this Court has neither general nor specific jurisdiction over the Defendants and New Jersey is not the proper venue for this claim.

### F. Transfer of Venue

This Court may nevertheless transfer venue *sua sponte* even if the motion merely seeks dismissal of the action. See Concession Consultants, Inc., v. Mirisch, 355 F.2d 369, 371 n.3 (2d Cir. 1966) ("[a]nd where the motion asks only that the suit be dismissed, the court may properly, *sua sponte*, order it transferred"); see also 2-12 MOORE'S FEDERAL PRACTICE - CIVIL § 12.32.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court has broad discretion in deciding whether transfer is warranted and must consider both the public and private interests of the parties. See Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973). Although 28 U.S.C. § 1404 expressly includes

three factors, the Court may also consider other factors. See SEC v. Page Airways, Inc., 464 F. Supp. 461 (D. D.C. 1978). The public factors to be considered include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora from court congestion; (4) the local interest in deciding controversies; (5) the public policies of the fora; and (6) in diversity cases, the familiarity of the trial judge with the applicable state law. See id. at 879-80. The private factors are: (1) plaintiff's original choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records to the extent that the files cannot be produced in the alternative forum. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted). Generally, a plaintiff's choice of forum is accorded great weight. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981).  Deference to the plaintiff's selected forum may be overcome, however, "if the private and public interest factors clearly point toward trial in an alternative forum." Id.

The presumption favoring a plaintiff's choice of forum is not dispositive of the motion. See Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 521 (D. N.J. 1998).  Plaintiffs' choice of forum is given less weight when transferring venue would result in only negligible inconvenience to the plaintiff. See Oudes v. Block, 516 F. Supp. 13, 14 (D. D.C. 1981).  Additionally, a plaintiff's choice is afforded less deference when their choice of forum "has little connection with the operative facts of the lawsuit."  Tischio, 16 F. Supp. 2d at 521; see also Am. Tel. & Tel. Co. v. MCI Commc'ns Corp., 736 F. Supp. 1294, 1306 (D. N.J. 1990).

28 U.S.C. § 1404 does more than codify the doctrine of forum non conveniens; § 1404 permits transfer upon a lesser showing of inconvenience than is required under common law

doctrine and it allows the District Court to exercise broader discretion in transferring the case under the statute than would be permitted under forum non conveniens. See Commercial Solvents Corp. v. Liberty Mut. Ins. Co., 371 F. Supp. 247 (S.D.N.Y. 1974). 28 U.S.C. § 1404 is similar to the common law doctrine of forum non conveniens, but it authorizes transfers within the federal court system with a lesser burden, both substantially and procedurally, than a motion to dismiss. See Reyno v. Piper Aircraft Co., 630 F.2d 149 (3d Cir. 1980), rev'd on other grounds, 454 U.S. 235 (1981). 28 U.S.C. § 1404(a) is intended to enlarge common law power under the doctrine of forum non conveniens; this section allows courts to grant transfers upon a lesser showing of inconvenience than is required at common law. See De Lay & Daniels, Inc. v. Allen M. Campbell Co., General Contractors, Inc., 71 FRD 368 (D. S.C. 1976).

   Questions concerning whether transfer of venue should be granted under 28 U.S.C. § 1404(a) depend upon the particular circumstances of each case. See Sell v. Greyhound Corp., 228 F. Supp. 134 (E.D. Pa. 1964); Mills v. Colgate-Palmolive Co., 232 F. Supp. 577 (S.D.N.Y. 1964). Variables render every motion to transfer unique. See Secs. & Exch. Com. v. Golconda Mining Co., 246 F. Supp. 54 (S.D.N.Y. 1965). Although 28 U.S.C. § 1404(a) mentions only three factors to consider in determining whether to grant or deny a motion to transfer, the Court is not limited to those rather broad generalities, but may consider other factors which are subsumed by purpose of statute. See SEC v. Page Airways, Inc., 464 F. Supp. 461 (D. D.C. 1978).

   Plaintiff admits that all of the moving Defendants are citizens and residents of Pennsylvania. This case is premised solely upon allegations of medical malpractice and all of the relevant medical treatment occurred in Philadelphia, Pennsylvania. The E.D.P.A. is the proper venue for causes of action arising in Philadelphia, Pennsylvania. Because all hands in this case point toward Pennsylvania – the enforceability of the judgment, practical considerations that could make the trial easy, expeditious or inexpensive and the local interest in deciding controversies – venue is proper in Pennsylvania. The relative administrative difficulty in the two

fora from court congestion, the public policies of the fora and the familiarity of the trial judge with the applicable state law are roughly equivalent between the E.D.P.A. and the District of New Jersey. Furthermore, for the reasons stated above, the private factors, such as where the claim arose, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses to the extent that the witnesses may be unavailable for trial in one of the fora and the location of books and records to the extent that the files cannot be produced in the alternative forum similarly point toward Pennsylvania because this case is premised solely upon allegations of medical malpractice that occurred in Philadelphia, Pennsylvania. Furthermore, all relevant medical care occurred in Pennsylvania, so personal jurisdiction is proper in Pennsylvania under specific jurisdiction. In sum, all of the factual allegations and events set forth in the Complaint occurred solely in Pennsylvania, so it is fitting that this case be transferred to a Pennsylvania court, namely the E.D.P.A. This Court, therefore, lacks the requisite jurisdiction to address Defendants' motions to dismiss for lack of personal jurisdiction pursuant to FED. R. CIV. P.12 (b)(2) and improper venue pursuant to FED. R. CIV. P. 12 (b)(3).

**III.   CONCLUSION**

For the reasons stated, it is the finding of this Court that venue is transferred to the E.D.P.A. An appropriate Order accompanies this Opinion.

                                               S/ Dennis M. Cavanaugh
                                               Dennis M. Cavanaugh, U.S.D.J.

Date:        October 1, 2007
Orig.:       Clerk
cc:          Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File